IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON  DIVISION

| | | |
|---|---|---|
| ROBERT WARD | § | |
| | § | |
| Plaintiff, | § | C.A. NO. 4:19-4543 |
| v. | § | |
| | § | |
| ARAMCO SERVICES COMPANY | § | |
| | § | |
| Defendant. | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, ROBERT WARD, files this Original Complaint and shows:

## I.
### PARTIES

1)    Plaintiff ROBERT WARD is an individual who resides in Texas.

2)    Defendant ARAMCO SERVICES COMPANY is a Delaware corporation licensed to do business in Texas which may be served through its Registered Agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II.
### JURISDICTION AND VENUE

3)    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 based on the federal question at issue.

4)    Venue is proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in this District.

### III.
### FACTUAL BACKGROUND

5)    On or about January 16, 2017, Robert Ward ("Ward") was hired by Aramco Services Co. as a Trade Compliance Specialist in the Research & Development group. Mr. Ward reported to the R&D Business Manager, David Johnson, and to the Chief Compliance Officer and Corporate Attorney, Rebecca Clausen.

6)    During his tenure, Mr. Ward performed exceedingly well and was provided positive feedback on his performance from Mr. Johnson and Ms. Clausen. All of this changed, however, when Mr. Ward raised internal ethics complaints to his supervisors about the application of Russian sanctions on software and other commodities sold by Aramco Services. Mr. Ward was given verbal and written assurances that if he did raise such an ethics complaint, he would not be retaliated against.

7)    In June 2017, Mr. Ward had a discussion about his job duties with Ms. Clausen during which Mr. Ward was told he should not second guess lawyers who provided opinions on the Russian sanctions. It was during such discussion that Ms. Clausen stated to Mr. Ward that she had been advised and instructed by the Compliance Senior Counsel at Aramco that she needed to hire a "junior" trade compliance professional to replace Mr. Ward.

8)    On July 21, 2017, Mr. Ward was terminated. He was given no reason for such termination. Mr. Ward suffered significant damages as a result of such termination.

2

## IV.
### CLAIMS

### Age Discrimination Under Title VII

9)   Mr. Ward was 55 years old at the time of his termination. Mr. Ward was told that Aramco wanted to bring in a "junior" trade compliance specialist to replace him. After his termination, Aramco hired a younger individual who took over the duties of Mr. Ward. Aramco terminated Mr. Ward based on his age. Mr. Ward suffered damages as a direct result of such termination.

### Breach of Contract

10)   Aramco represented to Mr. Ward and provided written assurances that he would not be retaliated against for raising in good faith an internal ethics complaint. Mr. Ward agreed to follow Aramco's written policies and procedures. Aramco retaliated against Mr. Ward for raising such ethics complaints and breached its agreement with Mr. Ward in doing so. Mr. Ward suffered significant damages as a result of such breach.

## V.
### DAMAGES

11)   Plaintiff seeks the following damages:

- Back pay and benefits;
- Front pay and benefits;
- Mental anguish;
- Punitive damages;
- Attorneys' fees;
- Pre-judgment and post-judgment interest; and
- Costs of court.

The amount of Plaintiff's damages at the time of the filing of this petition is in excess of the minimum jurisdictional limits of this Court.

## VI.
### PRAYER

12)  WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, that upon final trial hereof, Plaintiff recovers his actual damages, plus reasonable attorneys' fees and costs of court and both pre- and post-judgment interest at the legal rate, and for such other and further relief, both general and special, at law and in equity, to which he may show himself justly entitled under all attending facts and circumstances.  **Plaintiff requests a jury trial.**

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

*/s/ Mark G. Lazarz*
**Mark G. Lazarz**
TBA No. 12069100

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:
SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993
mlazarz@eeoc.net

4